**The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of Vicki Arlene REYNES, Respondent–Appellant.**

No. 92CA1359.

Colorado Court of Appeals,
Div. II.

July 1, 1993.

Rehearing Denied Sept. 2, 1993.

Certiorari Denied March 21, 1994.

Peter L. Vana, III, Arapahoe County Atty., Kathryn L. Schroeder, Asst. County Atty., Littleton, for petitioner-appellee.

James D. McKnight, Jr., Aurora, for respondent-appellant.

Opinion by Judge METZGER.

Respondent, Vicki Arlene Reynes, appeals the trial court's order denying her motion to dismiss her short-term certification for mental health treatment. We affirm.

Respondent is 35 years old and has a long history of psychiatric illness and hospitalization. She was originally certified for short-term treatment and care on July 12, 1991. A petition for extended short-term treatment and care was later filed on October 15, 1991.

Then, on December 12, 1991, a petition for long-term care and treatment was filed pursuant to § 27–10–109, C.R.S. (1989 Repl.Vol. 11B). On January 20, 1992, the respondent filed a motion to dismiss this last petition, alleging that no hearing had been held as required by the statute. This motion also requested that the respondent be ordered released from the facility/hospital in which she was held.

After considering the parties' briefs and conducting a hearing, the court issued an order on April 6, 1992, granting the respondent's motion to dismiss and ordering her release. It stayed the order for 15 days to allow the People to appeal. No notice of appeal was filed within the 15–day period, but the facility at which respondent was hospitalized did not receive notice of the April 6, 1992 order.

On April 21, 1992, the respondent's attorney contacted the facility/hospital and informed a staff nurse that respondent should be released pursuant to the court order. However, she was not released. Instead, a 72–hour hold was immediately placed on her pursuant to § 27–10–105, C.R.S. (1989 Repl. Vol. 11B), followed by a certification for short-term treatment and care on April 24, 1992.

The respondent then filed a motion to dismiss the new certification proceedings and requested immediate release. This motion to dismiss was denied by the court after a hearing on June 20, 1992, and that denial is the subject of this appeal.

Respondent argues that, because the trial court had ordered her release after determining her prior long-term certification was procedurally faulty, she should have been released from the treatment facility as soon as the stay of the April 6, 1992 order expired. She asserts that the facility's refusal to do so violated her due process rights. The proper procedure, she contends, would have been to release her and then, once it was shown that she was in need of treatment, to take her back into custody and impose a 72–hour emergency hold. In our view, this argument emphasizes form over substance.

Sections 27–10–101 to 27–10–129, C.R.S. (1989 Repl.Vol. 11B) provide for the care and treatment of the mentally ill. The legislative directive encompassed in § 27–10–101 provides the framework for our analysis:

(1) The general assembly hereby declares that, subject to available appropriations, the purposes of this article are:

(a) To secure for each person who may be mentally ill such care and treatment as will be suited to the needs of the person and to insure that such care and treatment are skillfully and humanely administered with full respect for the person's dignity and personal integrity;

(b) To deprive a person of his liberty for purposes of treatment or care only when less restrictive alternatives are unavailable and only when his safety or the safety of others is endangered....

In *Perreira v. State,* 768 P.2d 1198 (Colo. 1989), our supreme court recognized that this statutory scheme for the care and treatment of mentally ill persons is calculated (1) to provide care and treatment adequately suited to the needs of patients in a dignified and least restrictive manner and (2) to ensure against premature release of patients when that release would pose a likely risk of serious bodily harm to the patient or others as result of the patient's mental condition.

■ Because of the curtailment of personal liberty that results from certification of mental illness, strict adherence to the procedural requirements in civil commitment statutes is required. *People in Interest of Dvei-rin,* 755 P.2d 1207 (Colo.1988). However, the primary question is whether the patient's due process rights are adequately protected.

■ Due process is flexible and calls for such procedural protections as the particular situation demands. *People v. Taylor,* 618 P.2d 1127 (Colo.1980).

Section 27–10–107, C.R.S. (1984 Repl.Vol. 11B) sets out certain procedures which the General Assembly and our courts have determined are adequate to protect a respondent's due process rights. These procedures include: 1) a professional decision to initiate the 72–hour evaluation; 2) professional medical evaluation at the time of involuntary short-term commitment; 3) notice concerning certification within 24–hours to the person committed; 4) notice concerning certification to one other person the respondent designates; 5) prompt appointment of an attorney; 6) a hearing within 10 days if requested; 7) the burden of proof by clear and convincing evidence upon the petitioner; and 8) optional court appointment of an independent professional person to examine the respondent. *Curnow v. Yarbrough,* 676 P.2d 1177 (Colo.1984).

■ Here, respondent received all the process she was due under § 27–10–107. There was no showing that the earlier failure to provide a hearing as required under § 27–10–109, C.R.S. (1989 Repl.Vol. 11B) was anything other than a good faith procedural error, which did not reflect on respondent's need for further treatment. A professional staff member made the decision that a 72–hour hold was necessary and a professional medical examination took place. Proper notice was given to the respondent and her court-appointed attorney.

Additionally, respondent could have requested a 10–day review of her certification under § 27–10–107(6), C.R.S. (1989 Repl.Vol. 11B), but, instead, she challenged the certification with the motion to dismiss which is the subject of this appeal. The record also shows that respondent did not request an independent evaluation.

Contrary to respondent's contention, the fact that she was not released before the 72–hour hold was placed on her does not violate her due process rights. Inasmuch as respondent failed to show any abuse of the certification process and the provisions set out in § 27–10–107 were followed by medical personnel and by the trial court, we find no denial of due process here.

■ The medical facility staff had a continuing duty under the statutory scheme to insure the safety of both respondent and society. *See Perreira v. State, supra.* The 72–hour hold was placed on respondent based on a diagnosis that she was suffering from schizo-affective disorder, was gravely disabled, and was a danger to herself and others. At the time of this short-term certi-

fication, she was suffering from paranoid delusions and had no money, no means of obtaining any, and no place to live if she were released.

Moreover, respondent does not contest the trial court's determination that, based on clear and convincing evidence of her condition, she met the statutory requirements for short-term certification.

Here, the medical facility staff properly performed their statutory duties and held an individual who was gravely disabled. Thus, respondent's rights here were adequately protected under the procedures laid out in the statutory scheme.

The order is affirmed.

REED and BRIGGS, JJ., concur.